[Civ. No. 3566. Second Appellate District, Division Two.—January 13, 1922.]

ALMA THOMPSON, Appellant, v. LOUIS WHITE et al., Respondents.

[1] NEGLIGENCE — DEATH OF PEDESTRIAN — ATTEMPT TO CROSS CITY STREET — EVIDENCE — CONTRIBUTORY NEGLIGENCE.—In this action for the death of a pedestrian who was struck by an automobile while in the act of crossing a city street, there was sufficient evidence to justify the finding that the deceased was guilty of contributory negligence in not looking in both directions for the approach of vehicles.

[2] ID.—CROSSING OF CITY STREET—DUTY OF PEDESTRIAN.—It is the duty of a foot-passenger to look both ways before starting to cross a city street on which there is considerable vehicular travel.

---

2. Pedestrian's rights and duties with respect to automobile in highway, notes, 4 Ann. Cas. 400; 9 A. L. R. 1248.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

George W. Perkins for Appellant.

Lucius K. Chase for Respondents.

FINLAYSON, P. J.—On December 5, 1919, at half-past 6 in the evening, at or near the intersection of Alessandro and Duane Streets, in the city of Los Angeles, Frank Thompson was struck by an automobile owned by the defendant Louis White and driven by the defendant Jules White. From the injuries thus received, Thompson died the next day. His widow brought this action to recover damages for the loss occasioned by her husband's death, alleging that it was caused by the negligence of the defendants. The case was tried by the court without a jury, judgment was given in favor of defendants, and from that judgment plaintiff appeals.

The court found against plaintiff's allegation of negligence and likewise found that the decedent was guilty of contributory negligence. Appellant attacks both findings as unsupported by the evidence. If the finding that the decedent was guilty of contributory negligence be supported by the evidence, the finding that defendants were not negligent need not be considered. Such finding of contributory negligence on the part of the decedent, if supported by the evidence, would alone be sufficient to uphold the judgment.

No evidence was adduced by defendants, the case having been submitted for a judgment on the merits on the evidence introduced by plaintiff. Since the court rendered a decision on the merits, we are bound to uphold the finding of contributory negligence if it can be supported by any reasonable view of the evidence, even though we might be inclined to think the finding should have been the other way.

The evidence, as disclosed by the record, tends to establish the following facts, among others: It was quite dark at the time of the accident; it was misting, and the driver of the automobile had difficulty in seeing through the windshield so as to observe objects in front of him; the automobile,

traveling in a northerly direction along Alessandro Street—a street which runs in a northerly and southerly direction—was proceeding at a speed of from twelve to fifteen miles an hour just before it struck Thompson. The lights of the machine, which is a Ford, were connected with the motor, and because of the low rate of speed at which the car was traveling the lights were dim. By reason of the mist on his windshield and the dimness of his lights, the driver of the car was not aware of Thompson's presence until the latter was about four feet in front of the machine.

The decedent and his wife lived in an apartment house on the southeast corner of Alessandro and Duane Streets. The house faces Alessandro Street. After turning to his wife, who stood on the steps of the apartment house, and motioning her to follow him, the decedent stepped into Alessandro Street and started to walk diagonally from a point on the east side of that street, about ten or fifteen feet south of Duane Street, to the northwest corner of the crossing formed by the intersection of Alessandro and Duane Streets, where he intended waiting for a street-car that runs southerly on Alessandro Street. Not once, after starting across the street, did Thompson look to the south to see if any vehicle was coming from that direction. Had he done so, he could readily have seen the headlights of defendants' machine, sixty feet to the south, at the time when he stepped into the street. As he thus walked diagonally over the crossing, keeping his gaze fixed toward the north, and while he still was on the easterly half of Alessandro Street, the decedent stepped in front of defendants' machine as it was traveling northerly on Alessandro Street. He turned just as the machine was upon him, and, apparently realizing the imminence of his danger, jumped for and caught the radiator, and then, releasing his hold, fell back upon the pavement, receiving the injuries from which he died.

[1] Appellant claims that respondents' machine was not equipped with such lights as the Motor Vehicle Act (Stats. 1917, p. 396, sec. 11) requires, that it was traveling at too high a rate of speed under the circumstances, and that defendants were negligent in undertaking to drive their car at all while the driver's view was obscured by mist on the windshield. But even so, such acts of negligence on defendants' part would not preclude the court from finding that

the negligence of the decedent was the efficient and proximate cause of his death.   That there was sufficient evidence to justify the court's finding that the decedent was guilty of contributory negligence, barring plaintiff's right of recovery, is, we think, quite clear.   There was ample justification for the view that Thompson walked heedlessly into danger, without taking the most ordinary precautions for his safety.   **[2]**   It is the duty of a foot-passenger to look both ways before starting to cross a city street on which there is considerable vehicular travel.   (*Davis* v. *Breuner Co.,* 167 Cal. 683 [140 Pac. 586].)

The judgment is affirmed.

Works, J., and Craig, J., concurred.