[Civ. No. 4634. First Appellate District, Division Two.—December 27, 1923.]

ANNA D. ATKINS, Respondent, v. J. B. BOUCHET et al., Appellants.

[1] NEGLIGENCE—PEDESTRIAN CROSSING STREET—FAILURE TO LOOK—CONTRIBUTORY NEGLIGENCE.—Where a pedestrian, while crossing the street, glanced neither to the right nor to the left, and with her umbrella held down to her waist line has her view of traffic completely cut off and does not see the automobile that strikes

---

Duty of pedestrian, before crossing street, to look for automobiles approaching on intersecting street, note, 9 A. L. R. 1248.

Reciprocal duty of operator of automobile and pedestrian to use care, notes, Ann. Cas. 1916E, 669; 38 L. R. A. (N. S.) 487; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 990.

her at any time until after the collision, although the accident occurs in the middle of the day, she is guilty of contributory negligence as a matter of law.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Reversed.

The facts are stated in the opinion of the court.

Wm. M. Abbott, K. W. Cannon and J. E. Reardon for Appellants.

Ostrander & Carey for Respondent.

LANGDON, P. J.—This is an appeal by the defendants from a judgment against them for the sum of two thousand six hundred dollars, damages for personal injuries sustained by plaintiff, who was struck by an automobile owned by the defendant Bouchet and operated by defendant Joseph H. Meiss.

The only issue upon the appeal is as to the contributory negligence of the plaintiff, appellants contending that under the facts admitted by the plaintiff in her testimony, she was guilty of contributory negligence as a matter of law and that the trial court erred in failing to grant defendants' motion for a nonsuit and in failing to direct a verdict in their favor.

[1] We think the plaintiff in this case was guilty of contributory negligence as a matter of law, and we base our conclusion upon the case of *Finkle* v. *Tait*, 55 Cal. App. 425 [203 Pac. 1031], reconsidered and approved by our supreme court in a most learned and comprehensive review of cases of this character. (*Burgesser* v. *Bullock's*, 190 Cal. 673 [214 Pac. 649].) The undisputed facts in the instant case show that the plaintiff while crossing the street glanced neither to the right nor the left, and with her umbrella held down to her waist line had her view of traffic on her left completely cut off and did not see the automobile at any time until after the collision, although the accident occurred in the middle of the day. This situation makes peculiarly applicable the language of *Finkle* v. *Tait*, wherein it was said: "There was evidence that he was carrying a box of raisins twenty-three inches long, thirteen inches wide and

ten inches thick on his shoulder in such a position that it may have obscured his vision. If that was the case, then it was negligence for him to attempt to cross the street with his vision obstructed in that manner." In the case of *Burgesser* v. *Bullock's, supra,* relied upon by the respondent, our supreme court said, in commenting upon the case of *Finkle* v. *Tait, supra:* "We sustained the conclusion of the district court of appeal solely for the reason that the pedestrian was crossing the street without looking and under such circumstances that he could not see in the direction from which traffic might be expected." The foregoing statement is precisely applicable to the situation disclosed, without conflict, in the instant case.

On December 9, 1920, at about 2 o'clock P. M., the defendant Meiss, an employee of the defendant Bouchet, was driving a Ford delivery car for Bouchet in a westerly direction on the north or right-hand side of East Fourteenth Street in the city of Oakland, California. East Fourteenth Street, at this point, runs in a general easterly and westerly direction and at right angles intersects Eighth Avenue, which runs in a general northerly and southerly direction. As Meiss was thus traveling westerly on East Fourteenth Street he was proceeding at a speed variously estimated by the witnesses as from fifteen to twenty-five miles an hour. As he approached Eighth Avenue he was traveling in the roadway between the northerly street car rail on East Fourteenth Street and the curb. Plaintiff, just prior to the accident, according to her own testimony, had been walking in an easterly direction on the northerly sidewalk on East Fourteenth Street with an umbrella well down over her head, to protect herself from the rain which was being blown from the east, thereby obstructing completely her view of westbound vehicular traffic. She testified that when she was two or three feet from the corner, and just before turning to the south, she lifted her umbrella slightly and peeked beneath it in an easterly direction. She was near-sighted, but stated she could see to the east for a distance of about a block. As she glanced under her umbrella she saw no vehicles approaching from the east. She then stood at the corner and turned and faced in a southerly direction with her left side to the east and toward the approaching westbound travel and with her umbrella well down over her

head and toward the east. She stood in this position while the east-bound street-car traveling on East Fourteenth Street came to a stop and its passengers alighted. She estimated the time at about one or two minutes, and while appellants make the most of this, we think that matter is neither conclusive nor material. It is beyond question that plaintiff stood at the corner during the time the street-car was discharging its passengers and until it was about to start again and that during all of that time she was either watching the street-car or looking to the south across the street, and that she did not glance toward the east after "peeping" under her umbrella a few feet before she reached the corner because she did not think it necessary. When the street-car started up plaintiff stepped from the curb, still without a glance to the east from whence traffic was to be expected and with her umbrella well down to protect her from the rain from the east, and proceeded in a southerly direction. Before she reached the car track she was struck by the rear end of the automobile, which, according to the testimony, skidded when the driver attempted to turn sharply to his left to avoid a collision with the plaintiff. Plaintiff did not know of the presence of the automobile upon the street until it struck her.

Under these facts, we see no escape from the rule applied in the case of *Finkle* v. *Tait, supra.* The judgment is reversed.

Nourse, J., and Sturtevant, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 25, 1924.