[L. A. No. 16033. In Bank.—February 18, 1937.]

LOU MUNDY, Appellant, v. MARION C. MARSHALL et al.,
Respondents.

Moses C. Davis and W. Thomas Davis for Appellant.

Walter S. Coen, Donald E. Ruppe and Horace W. Danforth for Respondents.

THOMPSON, J.—This is an appeal by the plaintiff in an action for damages for the wrongful death of her husband and is taken from a judgment entered in pursuance of a

directed verdict for the defendants and from an order denying her motion for a new trial. The case was taken over on petition for hearing after decision by the District Court of Appeal for the purpose of giving further consideration to the question of whether the testimony of the plaintiff's witness Nix overcomes the presumption, established by subdivision 4 of section 1963 of the Code of Civil Procedure, that "a person takes ordinary care of his own concerns". There was no witness to the actions of the decedent immediately preceding the accident, which occurred near the intersection of Wardlow road (running east and west) and Long Beach Boulevard (running north and south). Just prior to the accident Mundy had been in a cafe on the southeast corner with his wife and a third person. An argument arose as to who should pay for the beer. Mundy paid, but apparently unwillingly, and left the cafe alone, ahead of his companions, started toward his car, which was parked on the opposite side of the street and a short distance south of the intersection, and was seen by Nix to reach the center of the street. From there on he was unobserved. He was struck by the Marshall car, which was approaching from the north, at a point about twelve feet from the west curb of Long Beach Boulevard and just south of the driveway of a service station, which occupied the southwest corner of the intersection.

The testimony of Russell J. Nix is that the traffic was "about medium" on Long Beach Boulevard on the night of the accident; that the light was good both at the place where he made his observations and at the point of impact; that the street was well lighted and the view unobstructed for 200 feet south of the place of the accident and for about nine blocks to the north; that he had been in the Happy Days Cafe with two other men; that as they left the deceased came out the door behind them, "cussing" somebody in the restaurant; that one of the witness' companions asked if he meant them; that Mundy walked to the center of the street, then turned around and said to Nix and the two men with him, "not you"; that the witness then proceeded to the center of Wardlow road; that he did not see Mundy again; that the next time he turned around the car which hit him obscured his view of Mundy, but he saw the car swerve and heard the crash and that the car was not traveling at an

excessive rate of speed. Nix also testified that Mundy "swayed as he walked"; that, as he stepped off the curb, a car nearly hit him and he "wobbled one or two steps"; that he looked straight ahead and neither to the right nor left as he left the curb and that he made a complete turn to the right in the center of the street when he spoke to them. From the points indicated by Nix on the chart of the intersection as being those at which he observed Mundy when he left the cafe, when he spoke to them and when he was hit, it appears that he was crossing Long Beach Boulevard not in a crosswalk, or even at right angles after he reached the center of the street, but on a diagonal line with his back at least partly turned to traffic approaching from the north. This is admitted in appellant's opening brief, her own statement being "deceased walked twenty-eight feet west and about thirty feet south from the place last seen, before he was hit". ▮ It is clear that, upon these facts, the trial court was justified in concluding that the decedent was contributorily negligent as a matter of law and was correct in taking the case from the jury (*Horton* v. *Stoll,* 3 Cal. App. (2d) 687 [40 Pac. (2d) 603]) unless the statutory presumption that the decedent was using due care was sufficient to create a conflict in the evidence and sustain a verdict for the plaintiff.

▮ There is only one reasonable conclusion to be drawn from the facts established by the testimony of the plaintiff's own witness. A pedestrian who crosses a well-lighted thoroughfare other than on a crosswalk, in a diagonal line and with his back partly turned to approaching traffic and is struck by a car approaching from the quarter from which traffic was to be expected is obviously not exercising the vigilance the law requires of him. (*Sheldon* v. *James,* 175 Cal. 474 [166 Pac. 8, 2 A. L. R. 1493]; *Atkins* v. *Bouchet,* 65 Cal. App. 94 [223 Pac. 87]; *Moss* v. *H. R. Boynton Co.,* 44 Cal. App. 474 [186 Pac. 631]; *Thompson* v. *White,* 56 Cal. App. 173 [204 Pac. 561].) The manner in which the decedent was crossing the street having been covered by the plaintiff's own evidence, there is no room for the operation of the presumption that he was exercising due care (*Paulsen* v. *McDuffie,* 4 Cal. (2d) 111 [47 Pac. (2d) 709]), and it cannot be relied upon to establish a conflict in the evidence.

An order denying a motion for new trial is not an appealable order. The appeal therefrom is therefore dismissed and the judgment is affirmed.

Shenk, J., Curtis, J., Seawell, J., Edmonds, J., Langdon, J., and Waste, C. J., concurred.