[Civ. No. 12317. First Dist., Div. Two. May 28, 1943.]

GEORGE KELLEY et al., Appellants, v. CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Gladstein, Grossman, Margolis & Sawyer for Appellants.

John J. O'Toole, City Attorney, and Henry Heidelberg, Deputy City Attorney, for Respondents.

NOURSE, P. J.—Plaintiffs have appealed from an adverse judgment based upon the verdict of a jury in an action for damages for the wrongful death of their minor son.

The minor's fatal injuries were received when he was struck,

while riding a bicycle, by a passenger bus owned and operated by the defendant city and county, and driven by the defendant Thompson, admittedly its employee, acting within the scope and in the course of his employment. The appellants' specifications of error are the failure of the court to instruct the jury: (1) that it is presumed that the decedent exercised reasonable care for his own safety; (2) that evidentiary effect should be given testimony as to the decedent's habit in stopping before entering the intersection and in traversing the intersection in the pedestrian lane; and (3) that what constitutes ordinary care on the part of a minor is to be judged by that degree of care customarily exercised by children of like age, mental capacity, and discretion; and that the court erroneously instructed the jury on "inevitable accident."

The accident occurred at about 6:40 p. m. on April 12, 1941, at the intersection of 25th Street and Van Ness Avenue South, in the city and county of San Francisco. Van Ness Avenue South runs in a general northerly and southerly direction. There are two sets of street car tracks thereon; that is, four rails in all. It is an arterial boulevard and there are "stop" signs at the northeast and southwest corners at its intersection with 25th Street. 25th Street runs in a general easterly and westerly direction. Shortly before the accident, which occurred during the daylight hours and at a time when the pavements were dry, defendant Thompson was driving the bus north on Van Ness Avenue South. He was going to the municipal garage and was carrying no passengers. The bus was straddling the most easterly of the street car rails and proceeding at about 15 miles per hour. The decedent was a thirteen year old boy, about 5 feet 7 inches in height and weighing about 160 pounds. He was a student in junior high school and had been a junior traffic officer for three or four years. As such he was familiar with traffic regulations. He was normal, healthy and intelligent. At the time of the accident he was riding his bicycle west on 25th Street. The impact occurred in the northwest quadrant of the intersection. The bicycle was struck by the front of the bus slightly to the right of its center which then seems to have been at about the most easterly street car rail. The distance from the south to the north curb line of 25th Street is 48 feet. The distance from the stop sign at the northeast corner to the point of impact is about 33 feet.

The only witness to the accident was the defendant Thompson. (The stipulated testimony of the attendant at a gasoline station on the southeast corner would create a conflict on one point, hereinafter noted, but this conflict admittedly must be deemed to have been resolved in favor of the defendants by the jury.) Thompson testified that as he first approached 25th Street he looked to his left, or west, and observed nothing. He then looked to his right and saw an automobile standing on 25th Street about opposite the stop sign at the northeast corner. This automobile started up but stopped about 5 feet into the intersection, or as he expressed it "about half the length of the automobile," and motioned the bus to go on. Thompson first saw the boy at about the north line of the intersection about two and a half feet away and already in front of the bus. From the path of the bicycle he estimated that it came from between the right side of the automobile and the north curb of 25th Street. Upon seeing the boy Thompson turned to his left and then fully applied his brakes. The conflict referred to above was that it was stipulated that if the station attendant were called as a witness he would testify that immediately after the accident he looked across 25th Street and saw no automobiles at or near the intersection.

As a predicate to their contention that the failure to give the instructions referred to constituted prejudicial error appellants contend that this evidence clearly showed that the respondents were guilty of negligence. Respondents contend to the contrary that this evidence is such that the jury's verdict must be construed to be an implied finding that they were not guilty of negligence and therefore any failure to give instructions with respect to contributory negligence would not have resulted in a miscarriage of justice. Here it should be said, in reference to the issue of respondents' negligence, that the record discloses, on the part of the respondent Thompson, an unusual effort during his testimony to give an honest, fair, and full recital of the circumstances of the accident. The jury may well have concluded from this testimony that the respondents were not negligent, and that the accident was unavoidable.

In answer to the defense of contributory negligence the appellants offered the following instructions, and others of like purport, all of which were refused:

"At the outset of this trial each party was entitled to the

presumption of law that every person takes ordinary care of his own concerns and that he observes the law. These presumptions are a form of prima facie evidence and will support findings in accord therewith in the absence of evidence to the contrary. . . .''

''Ordinary care is that care which persons of ordinary prudence exercise in the management of their own affairs.''

''The law presumes that the deceased child took ordinary care of his own concerns. When the facts and circumstances of his death are in evidence, they are aided by this statutory presumption as a specie of evidence in behalf of the plaintiffs in this case. In other words, this presumption that the deceased child took ordinary care of his own concerns is evidence in this case and is to be weighed by you together with all of the other evidence in the case, and you are not bound to decide in conformity with the declarations of any number of witnesses which do not produce conviction in your minds against a presumption or other evidence satisfying your minds.''

Appellants argue that insofar as the verdict may have been based entirely upon an implied finding of contributory negligence, the existence of the presumption and its weight as evidence was vital to their case. Respondents do not contend that the instructions were otherwise given in substance or effect nor do they seriously contend that it was not error to refuse them, but they argue that no miscarriage of justice has resulted. The question of prejudice in a case of this kind is difficult. If the issue of contributory negligence had not been raised we have no doubt that the finding that respondents were not negligent would have been fully supported by the evidence. But it is impossible to say upon what issue the verdict rests. The issue of contributory negligence was a vital one which the appellants were privileged to defend. The refusal to give these instructions cut off the only defense possible, because of the death of the boy and the 'absence of witnesses, and must therefore be deemed prejudicial. ■ It is settled law that each party is entitled to have his theory of the case go to the jury, and requested instructions, which are proper in form and substance, should not be refused, merely because the trial court does not accept the theory upon which a party relies. (24 Cal.Jur., p. 826.)

■ Appellants introduced evidence, through the mother of the decedent, that it was the boy's habit to stop his bicycle

before entering Van Ness Avenue South and to proceed across that street in the pedestrian lane. They urge that the trial court committed reversible error in refusing the following instruction:

"If you find that it was the habit of deceased in crossing from the easterly to the westerly side of Van Ness Avenue South on his bicycle to use the pedestrian lane at the northerly side of the intersection of that street with 25th Street and that it was also his habit to stop at the stop sign on the easterly side of this intersection before attempting to cross Van Ness Avenue South, you may consider these facts in determining whether or not the deceased was guilty of contributory negligence as I have defined it."

The respondents reply that there was no error, first because the boy while riding a bicycle should have used the roadway and not the pedestrian lane, and second that there was no testimony as to what the boy did when his mother was not present. This evidence of habit is some evidence of the "due care" which the deceased is presumed to have exercised. It is weak because it does not show that the deceased "habitually" waited at the stop sign for traffic on the boulevard to clear. However, we believe that the instruction, or one of like substance, should have been given.

Appellants next contend that the court erred in failing to give the instruction offered on the duty of care required of a minor. Respondents do not contend that the form of the instruction was not proper. It is their position that the evidence that the decedent was intelligent and was a junior traffic officer conversant with traffic regulations was sufficient as a matter of law to hold him to the same standard of conduct as an adult. But appellants were entitled to have their theory go to the jury, and this proposed instruction, or one covering the subject matter of minority, should have been given under the authorities cited in 24 Cal.Jur., page 826.

Appellants finally contend that the court erred in instructing the jury on inevitable accident as there was no evidence to support any such theory. Respondents reiterate their argument that the jury found them to be free from negligence so that the instruction could not have prejudiced the appellants. We are more inclined to the view just expressed in reference to the proposed instructions on contributory negligence. The issue of "inevitable accident" was a

material theory of respondents' defense to the whole cause of action. They had the unquestionable right to have that theory go to the jury in the instruction complained of.

The judgment is reversed.

Spence, J., and Dooling J. pro tem., concurred.