[Civ. No. 7798. Third Dist. Mar. 27, 1951.]

FANNIE SHIRK et al., Appellants, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Respondents.

Hildebrand, Bills & McLeod, Russell W. Federspiel, Hoge, Pelton & Gunther, Leo V. Killion and Reginald M. Watt for Appellants.

Devlin, Devlin & Diepenbrock and Horace B. Wulff for Respondents.

ADAMS, P. J.—Fannie Shirk and Maxine G. Hamilton, surviving widow and daughter, respectively, of Darrell Leroy Shirk, deceased, brought this action against the Southern Pacific Company, as owner and operator of a certain train, and William M. Packard as engineer of the locomotive, to recover damages alleged to have been suffered as the result of the accidental death of Shirk, charging negligence on the part of defendants.

. A jury was impaneled to. try the case. Defendants. made motions for a nonsuit and for a directed verdict which were denied. The jury disagreed and was discharged. Thereafter defendants made a motion for judgment pursuant to section 630 of the Code of Civil Procedure which was granted. Judgment was entered in favor of defendants and plaintiffs took this appeal.

The answer of defendants admits that Southern Pacific Company owned and operated a branch line railroad between Sacramento and Placerville àt the time of the accident, and that Packard was the engineer of the locomotive; that the company entered into an agreement with one Leo G. Lentz, as an independent contractor, to plow fireguards along the company's right-of-way, and that Shirk, the deceased, was employed by Lentz. Plaintiffs alleged that on August 31, 1943 Shirk, as a servant, agent and employee of Lentz, was operating a bulldozer on the right-of-way about a mile or mile and a half west of Placerville and while he was driving the bulldozer across the tracks at about 1:30 o'clock p. m. of that day, respondents so negligently and carelessly operated a locomotive with cars attached that the locomotive was caused to and did strike and collide with the bulldozer with great force and violence; and that as a direct and proximate result thereof Shirk sustained injuries from which he died on the same day.

The only witnesses called by plaintiffs were as follows: William Nixon, the conductor of the train, testified regarding the conditions existing in the vicinity of the accident, and certain rules of the Southern Pacific Company regarding

speed of trains there. Defendant William Packard, called under section 2055 of the Code of Civil Procedure, testified as to the method of operating trains over that stretch of road; that he was proceeding at a speed of between 10 and 15 miles per hour; that he saw the tractor when about 250 feet distant; that it appeared to be crossing the track, as the blade in front was over the rail; that he saw Shirk on the tractor in the driver's seat; that he applied the emergency brakes on the train and blew the whistle, but was unable to stop in time to avoid the collision; that the train struck the blade of the tractor at a speed of about 10 miles per hour; that he had received no order to beware of the possibility of a man's working with a tractor and did not anticipate his presence. The two plaintiffs were called but their testimony had no bearing upon the cause of the accident. Vernon E. Pearson, roadmaster of the railroad company, was then called by appellants as their own witness, and not under section 2055 of the Code of Civil Procedure. He testified that the right-of-way where the accident occurred was about 100 feet wide; that there was a fence on either side of the right-of-way about 50 feet from the single track; that the bulldozer had a blade 10 or 12 feet wide; that there was a cleared area of about 6¾ feet along the track which was maintained by section gangs; that he had a conversation with Shirk about three days after the work was begun, and then instructed Shirk that he was to follow along the fence line, plow a fire-guard the width of the blade, and not to foul the track or cross it without getting proper flag protection; that he told him the section foreman passed there every day and would ask him if he needed anything, and if he did the flagman would give him protection if he required it; that he told Shirk to confine his work to the space along the fence, and whenever he was going to cross or foul the track he should get protection from the foreman; that the section gang took care of the right-of-way near the track and Shirk was not to work there; that if any occasion arose that would bring him near the track he was to stop work and get flag protection; that Shirk told him he understood and that he had obtained flag protection several times when he had to foul the track.

The foregoing is all the evidence put in by appellants of events preceding and at the time of the accident.

It is appellants' contention that the motion for a directed verdict was not proper; that they were entitled to the benefit of the presumptions of section 1963, subdivisions 1, 4 and 33, of

the Code of Civil Procedure, that every person obeys the law, takes ordinary care of his own concerns and is innocent of crime or wrong, and that such presumptions were not dispelled by the testimony produced by appellants. We do not agree with the latter contention.

In *Anthony* v. *Hobbie*, 25 Cal.2d 814, 820 [155 P.2d 826], the court said that the rule stated in *Westberg* v. *Willde*, 14 Cal.2d 360 [94 P.2d 590], quoting from *Mar Shee* v. *Maryland Assur. Corp.*, 190 Cal. 1 [210 P. 269], is that ". . . a fact is proved as against a party when it is established by the uncontradicted testimony of the party himself or of his witnesses, under circumstances which afford no indication that the testimony is the product of mistake or inadvertence; and that when the fact so proved is wholly irreconcilable with the presumption sought to be invoked, the latter is dispelled and disappears from the case."

Appellants rely upon *Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 P. 529], but in that case it was held, only, that the presumption continued in plaintiffs' favor as against the testimony of a witness called by them under section 2055. Mr. Justice Richards in his concurring and dissenting opinion in the Smellie case stated, at page 565, what seems to be the true rule when he said: "It seems to me indisputable as a matter of law, supported by innumerable authorities, that if the witness Ireland had been called by the plaintiffs on their own account and as their own witness, and not under the provisions of section 2055 of the Code of Civil Procedure; and if as such witness he had given the testimony which he did give with respect to the words and acts of the deceased immediately prior to the casualty in which he lost his life, the presumption above referred to would have disappeared from the case." Also see majority opinion, page 553.

In *Engstrom* v. *Auburn Auto. Sales Corp.*, 11 Cal.2d 64, 70 [77 P.2d 1059], the rule was stated to be that: "Generally speaking, however, it may be said that a *presumption* is dispelled when a fact which is wholly irreconcilable with it is proved by the uncontradicted testimony of the party relying on it or of such party's own witness, when such testimony was not the product of mistake or inadvertence. (*Smellie* v. *Southern Pac. Co., supra* [212 Cal. 540]; *Mar Shee* v. *Maryland Assur. Corp.*, 190 Cal. 1, 8 [210 P. 269]; *Pitt* v. *Southern Pac. Co.*, 121 Cal.App. 228, 232-235 [9 P.2d 273]; *Peters* v. *California Bldg.-Loan Assn.*, 116 Cal.App. 143, 154 [2 P.2d 439]; *Fortier* v. *Hogan*, 115 Cal.App. 50, 56, 57 [1 P.2d 23].)"

In *Rogers* v. *Interstate Transit Co.*, 212 Cal. 36, 38, the court said: "If the evidence on his [plaintiff's] part showed that he was negligent, then it cannot be said that the jury, notwithstanding this evidence, might presume that he was not negligent, or that he took ordinary care of his own concerns, which amounts to the same thing."

This court in *Friddle* v. *Southern Pac. Co.*, 126 Cal.App. 388, 396 [14 P.2d 568], hearing in Supreme Court denied, reviewed the Smellie and Mar Shee cases and concluded the rule to be: "Thus we find one thing definitely decided beyond argument and that is that the presumption falls in the face of evidence produced by the party relying thereon which is inconsistent therewith."

Concerning the duty of one approaching a railroad track, the court in *Heintz* v. *Southern Pac. Co.*, 63 Cal.App.2d 699, 704 [147 P.2d 621], hearing in Supreme Court denied, relying on *Koster* v. *Southern Pac. Co.*, 207 Cal. 753 [279 P. 788], said: ". . . a special duty of care rested upon him [decedent] in approaching and crossing these railroad tracks, which were in themselves a warning of danger, and with the presence and location of which he was thoroughly familiar."

In *Dull* v. *Atchison, T. & S. F. Ry. Co.*, 27 Cal.App.2d 473, 478 [81 P.2d 158], the court said, quoting from *Herbert* v. *Southern Pacific Co.*, 121 Cal. 227 [53 P. 651]: "And, when injury results which might have been avoided by the use of proper care, the plaintiff cannot recover, although, the defendant has also been guilty of negligence."

In *Anderson* v. *Western Pac. R. R. Co.*, 17 Cal.App.2d 244, 250 [61 P.2d 1209], hearing in Supreme Court denied, it is said: "Furthermore, it is a well-settled rule that one who places himself in the way of an obvious and well-understood peril is guilty of contributory negligence which bars recovery of damages for injuries resulting therefrom (*Andrews* v. *Valley Ice Co.*, 167 Cal. 11 [138 P. 699])."

In view of the foregoing authorities and the testimony of Pearson as appellants' own witness, the presumptions relied upon were dispelled. When Shirk was killed he was obviously where he had been forbidden to go without first securing the protection of a flagman.

As was said in *Mundy* v. *Marshall*, 8 Cal.2d 294, 296 [65 P.2d 65]: "There is only one reasonable conclusion to be drawn from the facts established by the testimony of the plaintiff's own witness. A pedestrian who crosses a well-

lighted thoroughfare other than on a crosswalk, in a diagonal line and with his back partly turned to approaching traffic and is struck by a car approaching from the quarter from which traffic was to be expected is obviously not exercising the vigilance the law requires of him. (*Sheldon* v. *James,* 175 Cal. 474 [166 P. 8, 2 A.L.R. 1493] ; *Atkins* v. *Bouchet,* 65 .Cal. App. 94 [223 P. 87] ; *Moss* v. *H. R. Boynton Co.,* 44 Cal.App. 474 [186 P. 631] ; *Thompson* v. *White,* 56 Cal.App. 173 [204 P. 561].) The manner in which the decedent was crossing the street having been covered by the plaintiff's own evidence, there is no room for the operation of the presumption that he was exercising due care (*Paulsen* v. *McDuffie,* 4 Cal.2d 111 [47 P.2d 709]), and it cannot be relied upon to establish a conflict in the evidence.''

Here not only have plaintiffs failed to show negligence on the part of defendants, but have, we believe, shown that decedent's own negligence proximately contributed to his injuries and death.

The judgment is affirmed.

Peek, J., and. Van Dyke, J., concurred.