[Civ. No. 4619.   Fourth Dist.   Apr. 27, 1953.]

LUE HILL et al., Appellants, v. RICHARD RALPH et al., Respondents.

Mack, Bianco & King for Appellants.

Johnston, Baker & Palmer for Respondents.

GRIFFIN, J.—Plaintiffs and appellants, as heirs at law of Johnny Roy Hill, deceased, brought this action against defendants and respondents for damages alleged to be due them by reason of the death of deceased as a result of claimed negligence on the part of defendants arising out of an automobile accident. A trial by jury resulted in a judgment for defendants.

The sole question raised is the claimed prejudicial error of the court in refusing to give, at plaintiffs' request, an instruction to the effect that the law presumes that the deceased, in his conduct at the time and immediately preceding the accident, was exercising ordinary care and obeying the law. It was offered in the language of B.A.J.I. No. 135, Alt., Supplement. In support of the claimed error they cite such cases as *Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 P. 529]; *Carlton* v. *Pacific Coast Gasoline Co.*, 110 Cal.App.2d 177 [242 P.2d 391]; *Westberg* v. *Willde*, 14 Cal.2d 360, 367 [94 P.2d 590]; and *Kelley* v. *City & County of San Francisco*, 58 Cal. App.2d 872 [137 P.2d 719].

It is defendants' position that since plaintiffs produced a witness who testified as to the facts of the accident and the actions of the deceased, it was not prejudicial error for the court to refuse the proffered instruction.

The deceased was riding with one Sinner in a pickup truck. Sinner was driving. The men had been on an errand hauling

accumulated junk from Bakersfield, driving easterly to the dump. They decided to drive farther eastward on a highway following generally the course of the Kern River. On the way they changed their minds and decided to return to Bakersfield. Sinner pulled the truck off to his right side of the road, came to a stop, and then turned to his left, making a "U" turn in low gear on the highway, across double white lines in the center thereof. As the rear wheels of his truck were about to pass over the white lines an Oldsmobile sedan driven by defendant Richard Ralph, proceeding in a westerly direction, ran into and sideswiped the truck after he had applied his brakes and "fishtailed" the sedan. The right side of the sedan collided with the right side of the pickup truck. The sedan skidded its tires for a distance of about 150 feet.

Ralph testified that when he first saw the truck it was about 200 to 250 feet from him and moving very slowly making the "U" turn; that he immediately applied his brakes and sounded his horn but the pickup truck continued turning in his pathway. The evidence indicates he might have been traveling somewhere between 50 and 70 miles per hour. Hill was killed. Many witnesses were called by plaintiffs showing the nature of the terrain and some obstruction of the view by intervention of a brush-covered sloped bank to the south of the highway. The testimony is, however, that there was a distance of about 365 feet east of the point of impact wherein the view was not obstructed.

Plaintiffs called Sinner, the driver of the truck, as their witness. He testified briefly in reference to the conduct of the deceased Hill just prior to and at the time of the accident. His testimony is that he saw no vehicle approaching him within 300 to 400 feet before he started to turn; that Hill was seated beside him and they were carrying on a conversation; that "evidently" Hill was looking straight ahead "because he told me . . . look out, they are going to hit us"; that he heard the squeal of tires and Hill was knocked to the floor of the truck unconscious. Sinner then testified he did plead guilty to a violation of section 544 of the Vehicle Code in making an illegal turn. No other evidence was produced as to the conduct of deceased.

The evidence, if any, which could support a finding of contributory negligence on the part of the deceased, is only slight. The court refused proffered instructions to the jury pertaining to claimed joint venture between deceased and Sinner on the ground there was not sufficient evidence to sup-

port them. No error is claimed in this respect. Whether the deceased was looking ahead and watching for traffic at the time Sinner started to turn the truck in the highway was not established by any direct evidence. Sinner's statement that the deceased was looking straight ahead at the time he was making the turn, was based upon a conclusion of the witness. There is some evidence that when Hill arrived at the hospital he was unconscious and that he did have some odor of intoxicating liquor on his breath. It does not appear to us that this evidence was such as would *compel* the conclusion that the deceased was guilty of contributory negligence. The evidence thus produced by plaintiff would not be wholly irreconcilable with the so-called presumption of due care.

In *Westberg* v. *Willde, supra,* at page 367, the court said:

". . . where the acts and conduct of a deceased person are the subject of inquiry, and the testimony respecting such acts and conduct necessarily must be produced by witnesses other than the deceased, unless such testimony meets the requirement of the rule in the Mar Shee case, and other cases decided by this court following the Mar Shee case, an instruction that the deceased is presumed to have exercised ordinary care for his own concerns is not only proper but this court in an unbroken line of decisions, has sustained the giving of such an instruction."

The question then is whether the testimony in the instant case meets the requirements of the rule in the Mar Shee case and other cases decided by the Supreme Court following that case. In the Mar Shee case (*Mar Shee* v. *Maryland Assurance Corp.,* 190 Cal. 1 [210 P. 269]) witnesses testified on behalf of plaintiff regarding the facts and circumstances immediately preceding the shooting which indicated murder. Their testimony was uncontradicted. Plaintiffs there relied on the presumption "that a person is innocent of crime." The court held that from the facts thus proved by him, being wholly irreconcilable with the presumption of innocence, the presumption was dispelled thereby, and no evidence would then remain to support the finding that the insured was not murdered. It then held, quoting from syllabus [3] that "A fact is proved as against a party when it is established by the uncontradicted testimony of the party himself or of his witnesses, under circumstances which afford no indication that the testimony is the product of mistake or inadvertence, and when the fact so proved is wholly irreconcilable with the

presumption sought to be invoked, the latter is dispelled and disappears from the case.''

Referring to the Smellie case, then, we find the conclusion that the presumption continued in plaintiff's favor as against the testimony of a defendant called by plaintiff as his witness under section 2055 of the Code of Civil Procedure. (See *Shirk* v. *Southern Pac. Co.*, 103 Cal.App.2d 97, 100 [229 P.2d 100].)

▇ It therefore appears that when plaintiff proceeds to prove by his own witnesses all of the facts pertaining to the conduct of deceased leading up to and at the time of the accident, he is not entitled to an instruction on due care, and may not rely upon the presumption here involved, if the uncontradicted facts established by him are wholly irreconcilable with such presumption, where such testimony is not the product of mistake or inadvertence. In other words, plaintiff must first establish a sphere or field within which the presumption must operate before he is entitled to such an instruction, and where plaintiff's own evidence is reconcilable with the presumption, it remains evidence in the case until dispelled or overcome by evidence offered in contradiction thereof. ▇ This question is usually one for the trial court or jury to determine. (*Smellie* v. *Southern Pac Co.*, *supra*; *Hoppe* v. *Bradshaw*, 42 Cal.App.2d 334 [108 P.2d 947].)

In *Duehren* v. *Stewart*, 39 Cal.App.2d 201 [102 P.2d 784], which was an action for damages for the death of a pedestrian who was struck by an automobile while crossing in a marked crosswalk, where no witnesses testifying on behalf of plaintiff saw deceased until he was 10 or 15 feet out into the crosswalk, this court held that the presumption that he had exercised ordinary care before that time arose in the absence of evidence on the subject.

Among the cases relied upon by defendants is *Speck* v. *Sarver*, 20 Cal.2d 585 [128 P.2d 16], where it was held that it was error to give an instruction pertaining to plaintiff's freedom from contributory negligence where plaintiff was living and his testimony disclosed his acts and conduct because, under those circumstances, there was no room for the operation of any presumption. To the same effect is *Rogers* v. *Interstate Transit Co.*, 212 Cal. 36 [297 P. 884].

In *Mundy* v. *Marshall*, 8 Cal.2d 294 [65 P.2d 65], the plaintiff's own evidence controverted and dispelled any pre-

sumption of due care. So also in *Tice* v. *Kaiser Co., Inc.,* 102 Cal.App.2d 44 [226 P.2d 624].

The question before us then is whether the testimony produced by the plaintiff was wholly irreconcilable with the presumption of due care on the part of the deceased immediately prior to and at the time of the casualty in which he lost his life. If it were, there would be no field in which the presumption could operate and the court would be justified in refusing such instruction. On the other hand, if it was not, the instruction should have been given.

■ We see nothing wholly irreconcilable between the presumption and the testimony of Sinner as to the conduct of deceased up to and at the time of the accident. There is no evidence that deceased saw the approach of defendant's car or failed to warn Sinner when he stopped the truck to make the turn or that he, as a guest, was called upon to watch the highway for any possible approach of vehicles. For all that is known, he may have had his attention upon other matters. The testimony that he was looking straight ahead after the commencement of the turn in the highway was predicated upon the conclusion of the witness that he must have been because he called to the driver to look out for an approaching car. There is nothing about this testimony wholly irreconcilable with the presumption. In fact, it supports it. We conclude that the court erred in refusing to give the proffered instruction. .

The only remaining question is whether or not such error was prejudicial. It does appear to us from the evidence that the jury might have believed that the negligence of Sinner, the driver of the truck, was the sole proximate cause of Hill's death, or that the defendants were not negligent, or that the defendants were negligent and deceased was guilty of contributory negligence releasing defendants from liability. This latter conclusion is somewhat fortified by the import. of a dialogue between the court and the foreman of the jury when he returned for further instructions on that subject. It is as follows:

Juror: ''I would like to have the instruction re-read on the part regarding the guest's responsibility. . . . By the Court: I will read to you the two instructions that were given on that and see if this answers your question. (Reading) . . . You are instructed that the driver's negligence, if any there was, may not be imputed to the passenger . . . and that, therefore, you shall find that there was no con-

tributory negligence on the part of Johnny Roy Hill unless you should find that there was personal negligence on his part—that is, some negligent conduct of his own—which contributed as a proximate cause of his injuries and death.

"It may happen that one who is riding in, but not operating, an automobile, although having no joint authority with the driver in the management of the vehicle, will so conduct himself—either by voluntarily assuming some part in the operation, or by some interference, or by failure in some duty resting upon himself—as to independently, negligently and proximately either cause, or participate in causing an accident. Whether such an instance occurred must be judged, not by imputing to him the conduct of the driver or of any other person, but by considering his own conduct and its effect in the light of all the surrounding circumstances.

"By the Court: Does that answer your question?" Juror: "Yes, sir."

■ This might lead one to believe that the jury had already determined that defendants were guilty of negligence, otherwise it would not be necessary to consider the question of contributory negligence on the part of deceased, and after having the instruction on that subject read to it, it concluded that deceased was guilty of contributory negligence and accordingly found in favor of defendants. Under such circumstances the aid of the presumption and an instruction on that subject would become important, and the failure to give the instruction would, no doubt, be prejudicial. See, *Kelley* v. *City & County of San Francisco, supra,* where it is said that where contributory negligence is an issue in the case, and where it is impossible to determine upon what issue a verdict for defendants rested, and where the refusal to give the instruction cut off the only defense possible, because of the death of the plaintiff and the absence of witnesses, it was prejudicial error to refuse to give an instruction on the presumption that the decedent took ordinary care of his own concerns.

Judgment reversed.

Barnard, P. J., and Mussell, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 18, 1953. Traynor, J., and Schauer, J., were of the opinion that the petition should be granted.