[Civ. No. 11837. Second Appellate District, Division Two.—September 20, 1938.]

FRANK W. CAMPBELL, Respondent, v. CITY OF LOS ANGELES (a Municipal Corporation), Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Leonard Husar and Bourke Jones, Deputies City Attorney, for Appellant.

Thompson & Thompson, Clifford H. Thompson and Winfield B. Thompson for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before a jury in an action to recover damages for the wrongful death of plaintiff's son defendant appeals.

The essential facts are:

August 27, 1936, plaintiff and his wife took their three minor sons to a section of Griffith Park located near the northerly bank of the Los Angeles River in the city of Los Angeles. Their son Howard (the deceased) with his two brothers went to play in an excavation which had been made by the United States government in connection with certain work being done for the Los Angeles County Flood Control District. While the three boys were scratching their initials on the embankment adjacent to the excavation, the earth gave way, injuring Howard, with the result that he died shortly thereafter.

This is the sole question necessary for determination:

*Did the trial judge commit prejudicial error in instructing the jury as follows:*

*"There is a presumption that Howard Campbell used ordinary care for his own safety."*

This question must be answered in the affirmative. The law is established in California that where the evidence

introduced by plaintiff discloses the acts and conduct of the injured party immediately prior to and at the time in question, the presumption of law set forth in the instruction quoted above is inapplicable. (*Mundy* v. *Marshall,* 8 Cal. (2d) 294, 296 [65 Pac. (2d) 65]; *Lindley* v. *Southern Pac. Co.,* 18 Cal. App. (2d) 550, 556 [64 Pac. (2d) 490]; *Varner* v. *Skov,* 20 Cal. App. (2d) 232, 240 [67 Pac. (2d) 123]; *Engstrom* v. *Auburn Automobile Sales Corp.,* 11 Cal. (2d) 64 [77 Pac. (2d) 1059].)

In *Paulsen* v. *McDuffie,* 4 Cal. (2d) 111 [47 Pac. (2d) 709], our Supreme Court in holding it was error to give an instruction similar to the one here involved thus states the rule at page 119:

"It is difficult to see how there was any place for a presumption as to the plaintiff's conduct. What he did on that occasion was entirely covered by the evidence in the case, and there was neither necessity nor reason for indulging in any presumption upon that subject. That instruction had no place in this case and should not have been given."

The giving of the instruction set forth above in a case where it is inapplicable is prejudicial error, if contributory negligence of plaintiff's decedent would bar a recovery. (*Paulsen* v. *McDuffie, supra.*)

■ Applying the rule of law above stated to the instant case, it is evident that the instruction should not have been given, for the reason that plaintiff offered testimony of witnesses who related in detail and without conflict the acts of the deceased prior to and at the time of the accident. Also there was evidence from which the jury might have found decedent guilty of contributory negligence. It is self-evident that, if deceased was guilty of contributory negligence, plaintiff could not recover in the present case.

. For the foregoing reasons the judgment is reversed.

Crail, P. J., concurred.

WOOD, J., Concurring.—I concur in the judgment of reversal but I cannot agree that the reversal should be based upon the giving of the instruction referred to in the majority opinion. The instruction is open to the criticism that the rule on the subject should have been more completely

stated and the jury told that there is a presumption that Howard Campbell used ordinary care for his own safety unless the presumption be overcome by evidence. In view of all the instructions given I am of the opinion that the judgment should not be reversed for the sole reason that the instruction is subject to this criticism.

I cannot agree with the statement in the majority opinion concerning the circumstances under which the presumption may not be invoked. In *Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 Pac. 529], it was held that an instruction on the subject of the presumption under consideration may be given unless the plaintiff's witnesses establish facts which are "wholly irreconcilable with the presumption sought to be invoked". In the late case of *Engstrom* v. *Auburn Auto Sales Corp.*, 11 Cal. (2d) 64 [77 Pac. (2d) 1059], the Smellie case is referred to with approval and the rule again set forth in the following language: "Generally speaking, however, it may be said that a presumption is dispelled when a fact which is wholly irreconcilable with it is proved by the uncontradicted testimony of the party relying on it or of such party's own witness, when such testimony was not the product of mistake or inadvertence." In the case before us plaintiff did not present any evidence which was irreconcilable with the presumption covered by the instruction in question.

In my opinion the judgment should be reversed for the reason that plaintiff did not present evidence showing facts upon which the liability of the city can be predicated. The accident did not occur while the decedent was using the recreational facilities of the park which had been provided for the public. The question of the dangerous character of a defective condition depends largely on the intended lawful use of the premises. (*Howard* v. *City of Fresno*, 22 Cal. App. (2d) 41 [70 Pac. (2d) 502].) The liability of the city under the Public Liability Act is limited to damages suffered in the ordinary, usual and customary use of defective streets, grounds or property. (*Beeson* v. *City of Los Angeles*, 115 Cal. App. 122 [300 Pac. 993].) The city had no notice that children were in the habit of playing about the embankment. Regardless of any other question involved, it cannot be held that the city had knowledge or notice that the premises in question were in a dangerous condition.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 17, 1938.