[Civ. No. 10768.   First Appellate District, Division One.—January 27, 1939.]

BOB CLARY, Respondent, v. ALBERT LINDLEY et al., Appellants.

J. Hampton Hoge and A. Dal Thomson for Appellants.

John A. Murphy for Respondent.

WARD, J.—This is an action for personal injuries alleged to have been sustained as the result of a collision between two automobiles. Plaintiff was driving his machine on the state highway northerly between Spreckels and Salinas. Defendant Louis Rodrigo, a chauffeur for defendant owner Albert Lindley, was also driving northerly when Lindley, for the purpose of avoiding traffic, gave the chauffeur instructions to retrace part of the highway and turn off to another road. Defendant Rodrigo drove over to a space off the main part of the highway and attempted at a speed of approximately five miles an hour to make a ''U'' turn. Plaintiff, driving at about thirty-five or forty-five miles an hour, saw the movement of the defendants' car at some distance away. The collision occurred and plaintiff suffered certain injuries.

In the answer of the joint defendants, contributory negligence was alleged. The defendant Lindley cross-complained against plaintiff Clary, alleging negligence, and prayed for damages for the difference in the value of the Lindley car prior and subsequent to the accident. The cross-defendant answered and alleged contributory negligence on the part of the cross-complainant. The case was tried before a jury.

A verdict was rendered in favor of plaintiff, and from the judgment upon the verdict this appeal has been taken.

■ The court, at the request of plaintiff, instructed the jury as follows: "The mere fact that a collision occurred in which the plaintiff Bob Clary was involved does not raise any presumption that he was guilty of contributory negligence. On the contrary, the law presumes, in the absence of evidence, that he was entirely free from fault and this is a presumption which follows him throughout the trial unless and until overcome by other evidence." There appears in the record no equivalent instruction with reference to defendants or to cross-complainant Lindley. The instruction singles out "plaintiff Bob Clary" as the only one whose evidence might possibly be reinforced by a presumption that he was "free from fault".

"A disputable presumption is a substitute for proof of facts. It is a species of evidence that may be accepted and acted upon when there is no other evidence to uphold the contention for which it stands." (*Noble* v. *Key System, Ltd.*, 10 Cal. App. (2d) 132, 137 [51 Pac. (2d) 887].) It may be controverted by evidence. (Code Civ. Proc., sec. 1961.) It is dispelled when evidence is produced by the party or his witnesses covering the subject of the presumption. (*Rogers* v. *Interstate Transit Co.*, 212 Cal. 36 [297 Pac. 884].) When there is a conflict in the evidence introduced by opposing parties, there is no room for the presumption (*Kelly* v. *Fretz*, 19 Cal. App. (2d) 356 [65 Pac. (2d) 914]), for the simple reason that one side or the other would be forced to introduce evidence to controvert other evidence, plus a presumption. (*Paulsen* v. *McDuffie*, 4 Cal. (2d) 111 [47 Pac. (2d) 709]; *Mundy* v. *Marshall*, 8 Cal. (2d) 294 [65 Pac. (2d) 65].)

The instruction was erroneous. It becomes necessary, therefore, to determine whether the error may be disregarded upon the theory that under the facts of the case and the judgment rendered the instruction was harmless. (*Tuttle* v. *Crawford*, 8 Cal. (2d) 126 [63 Pac. (2d) 1128]; *Rogers* v. *Interstate Transit Co.*, *supra*.)

In the Tuttle case the injured party did not see the object of danger. In this case the plaintiff knew that defendants' car had started to cross the road and that it was in his immediate path. In the Tuttle case, no reasonable inference

could be drawn that plaintiff was guilty of contributory negligence except upon the theory that she should have seen the wet spot upon which she slipped. There is no doubt that Clary saw defendants' car ahead. He did not swerve; he did not increase his speed; he did not apply his brakes, and the impact occurred when defendants' car was partly over the white line. The front of plaintiff's car struck in the middle of the left-hand side of defendants' car. Assuming that defendants were negligent, the alleged contributory negligence of plaintiff is at least debatable.

In *Raggio* v. *Mallory*, 10 Cal. (2d) 723 [76 Pac. (2d) 660], a case in which a father and a minor son brought suit against a minor and her parents who had signed the application of the minor to the state motor vehicle department for a driver's license, it was held that a similar instruction given in support of the contention that the parents were not guilty of negligence "was not directed to the acts of the minor and had no bearing whatever upon the claim that he was guilty of contributory negligence". But the instruction complained of here was a part of an instruction directly dealing with the alleged contributory negligence of the plaintiff. ▮ In addition the court instructed as follows: "When a person, without fault on his part, is placed in a position of imminent danger, he is not called upon to exercise that intelligence and judgment he would be expected to exercise were he not in danger; so if the plaintiff, without fault on his part, was suddenly confronted with imminent danger by the negligent act of the defendants, and he failed to escape the impending danger by reason of insufficient time under the circumstances to choose the correct course of conduct on his part, then his action in preserving his person or property from injury, under the circumstances, is not contributory negligence on his part." This instruction is not a correct statement of the law. A person in sudden peril is required to select the course of action and use the same care that would be exercised by a person of ordinary prudence under like circumstances without being held to strict accountability as to whether the course chosen was the most judicious one. (*Carnahan* v. *Motor Transit Co.*, 65 Cal. App. 402 [224 Pac. 143]; *McPhee* v. *Lavin*, 183 Cal. 264 [191 Pac. 23].)

The latter instruction makes the test "without fault on his part", while in the previous instruction the jury was in-

formed that the law presumes, in the absence of evidence, that Clary was free from fault, and that unless overcome by other evidence this presumption continued and followed him throughout the trial. The contributory negligence of Lindley and Rodrigo under the allegations of the answer to the cross-complaint was an issue to be determined. The failure to give a similar instruction covering the acts and conduct of Lindley and Rodrigo left the jurors under the impression that a less harsh rule was applicable to Clary than to Lindley and Rodrigo.

We are not able to say that a different result would not have been obtained with the elimination of the erroneous instructions, and therefore, without noting appellants' additional assignments of error, we direct a reversal of the judgment and the order denying appellants' motion for a new trial, appellants to recover costs on this appeal.

Tyler, P. J., and Knight, J., concurred.