[Civ. No. 17295. Second Dist., Div. Two. Feb. 23, 1950.]

EMMA MAY JONES et al., Respondents, v. VIOLET JUNE SCURLOCK, Appellant.

Bauder, Gilbert, Thompson & Kelly and Henry F. Walker for Appellant.

Fred M. Riedman and Edison J. Demler for Respondents.

McCOMB, J.—This is an appeal by defendant from an order granting plaintiffs' motion for a new trial after trial before a jury in an action to recover damages for personal injuries.

*Facts:* Plaintiffs were passengers on a Long Beach City Lines bus when it collided with an automobile driven by defendant at the intersection of American Avenue and Pacific Coast Highway in the city of Long Beach. At the time of the collision the bus was proceeding east across American Avenue on Pacific Coast Highway while defendant was in the act of making a left turn from an easterly direction on Pacific Coast Highway south on American Avenue. Defendant turned in front of the bus, and the bus driver trying to avoid hitting defendant's car applied his brakes, throwing plaintiffs from their seats and injuring them.

The jury returned verdicts in favor of defendant and against each plaintiff. ■ Plaintiffs urged on their motion for a new trial that the trial judge committed prejudicial error in instructing the jury as follows:

"At the outset of this trial, each party was entitled to the presumptions of law that every person takes ordinary care of his own concerns and that he obeys the law. These presumptions are a form of prima facie evidence and will support findings in accordance therewith, in the absence of evidence to the contrary. When there is other evidence that conflicts with such a presumption, it is the jury's duty to weigh that evidence against the presumption and any evidence that may support the presumption, to determine which, if either, preponderates. Such deliberations, of course, shall be related to, and in accordance with, my instructions on the burden of proof."

*Question: Did the trial court commit prejudicial error in reading the foregoing instruction to the jury?*

This question must be answered in the affirmative. The law is settled that an instruction on "presumption of due care"

should not be given when the party to the action is living and all circumstances of the action are proved. (See *Martindale* v. *Atchison, T. & S. F. Ry. Co.*, 89 Cal.App.2d 400, 413 [201 P.2d 48]; *Cole* v. *Ridings*, 95 Cal.App.2d 136, 139 et seq. [212 P.2d 597].)

In the present case all parties to the action testified concerning the accident and there was no reason to give the instruction which was erroneous. ■ Section 4½, article VI, of the Constitution of the State of California does not authorize an appellate court to reverse an order granting a new trial on the ground that instructions were erroneous where, as in the present case, it is presumed that the trial judge, pursuant to his duty, has weighed the evidence and is of the opinion that the error complained of has resulted in a miscarriage of justice. On appeal the appellate court must indulge the presumption that the trial judge performed his duty, considered the whole record in the case and decided that the giving of the instruction was prejudicial and resulted in a miscarriage of justice. (*Nance* v. *Fresno City Lines, Inc.*, 44 Cal.App.2d 868, 872 [113 P.2d 244].)

In view of the foregoing rules, we cannot say that the implied conclusion of the trial judge, that the giving of the erroneous instruction resulted in prejudicial error, is not supported by the record. Therefore his order granting the motion for a new trial must be affirmed.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied March 10, 1950, and appellant's petition for a hearing by the Supreme Court was denied April 20, 1950.