[Civ. No. 19183.   Second Dist., Div. One.   Apr. 13, 1953.]

DALE ROZZEN, a Minor, etc., et al., Appellants, v. WIL-
LIAM CLARENCE BLUMENFELD et al., Respondents.

286

Melvin Simon, Samuel Schekman and Jacob Chaitkin for Appellants.

Parker, Stanbury, Reese & McGee, J. H. Peckham, F. Carlton Myers, Richard L. Hall and William K. Young for Respondents.

WHITE, P. J.—Plaintiffs appeal from a judgment entered upon a verdict for defendants in an action to recover for personal injuries sustained by the minor plaintiff when he was riding his bicycle and collided with an automobile operated by the defendant Blumenfeld. The grounds urged for reversal are two: first, that the court committed prejudicial error in giving an instruction which extended to defendants the benefit of a presumption that they exercised ordinary care; and second, that prejudicial error resulted from the giving of a number of instructions upon the assumption that there was evidence of contributory negligence on the part of the minor plaintiff.

On October 21, 1950, at about 9:50 a. m. of a Saturday morning, the defendant Peterson was making deliveries of milk for defendant Arden Farms Company on South Orange Grove Avenue in the city of Los Angeles. The street is 30 feet in width and lined with single-family residences. Peterson parked his milk truck on the west side of the north-south street, that is, on the wrong side of the street, in order to make a delivery. After making the delivery he drove his truck across the street in a northeasterly direction. Defendant Blumenfeld, driving north on the same street, attempted to pass

the milk truck by swerving to the west or left side of the street just as the minor plaintiff, a boy 6½ years of age, drove his bicycle from the sidewalk on the west side of the street down a driveway and into the side of Blumenfeld's vehicle. The child suffered a skull fracture and was unable to remember any of the facts surrounding the accident. Peterson and Blumenfeld each testified concerning their movements preceding and up to the time of the accident.

The trial court, on its own motion, gave the following instruction:

"At the outset of this trial, each party was entitled to the presumptions of law that every person takes ordinary care of his own concerns and that he obeys the law. These presumptions are a form of prima facie evidence and will support findings in accordance therewith, in the absence of evidence to the contrary. When there is other evidence that conflicts with such a presumption, it is the jury's duty to weigh that evidence against the presumption and any evidence that may support the presumption, to determine which, if either, preponderates. Such deliberations, of course, shall be related to, and in accordance with, my instructions on the burden of proof."

An instruction in almost identical language, but confining the benefit of the presumption to the plaintiff child alone, was proffered by the plaintiffs and refused.

Repeatedly it has been held that the giving of the quoted instruction, or an instruction of similar tenor, is error when thereby the benefit of the presumption of due care is extended to a party who by his testimony or by evidence introduced in his behalf has disclosed his acts and conduct immediately preceding and at the time of the accident. (*Speck* v. *Sarver*, 20 Cal.2d 585, 587, 588 [128 P.2d 16], and cases cited; *Cole* v. *Ridings*, 95 Cal.App.2d 136 [212 P.2d 597]; *Ford* v. *Chesley Transportation Co.*, 101 Cal.App.2d 548 [225 P.2d 997]; *Wertheim* v. *Mears*, 104 Cal.App.2d 120 [231 P.2d 89].) The precise instruction here under attack was considered in the two last-cited cases and in each case the court on appeal concluded that the giving of the instruction constituted prejudicial error.

Whether the error in the giving of the instruction is prejudicial and requires reversal depends upon the facts of the particular case. (*Speck* v. *Sarver, supra*; *Cole* v. *Ridings, supra*; *Ford* v. *Chesley Transportation Co., supra*.) As was said in *Ford* v. *Chesley Transportation Co., supra,* at page

552, "Inasmuch as the question of prejudice depends upon the facts of the particular case it would not be useful to point out the particulars in which the facts of the present case differ from those in which it has been held that the giving of the same instruction, while erroneous, was not prejudicial." We conclude as did the court in the last-cited case, that the error was prejudicial.

In determining whether prejudice resulted in a particular case, the vice of the criticized instruction should be kept in mind. The party against whom the presumption is invoked must not only overcome by a preponderance of the evidence the case presented by the opposing party, but must also overcome the presumption, for in the language of the instruction, conflicting evidence must be weighed "against the presumption, and any evidence that supports the presumption, to determine which, if either preponderates." In circumstances such as are here presented, paraphrasing the language in *Speck* v. *Sarver, supra,* page 588 (quoting from *Rogers* v. *Interstate Transit Co.,* 212 Cal. 36 [297 P. 884]), whether either of the defendants took ordinary care of his own concerns while operating his vehicle on the particular occasion in question was a matter of evidence established by such defendant and witnesses called by him, and "in the face of this evidence there was no room for any presumption." Or, as was said by Division Three of this court in an opinion prepared by Presiding Justice Shinn in *Ford* v. *Chesley Transportation Co., supra,* at page 553, "The effect of the instruction was to add strength to defendant's claim that it was free from negligence. The considerations pointing to negligence would have to overcome *not only* those pointing to a contrary conclusion, but also the presumption that defendant was not negligent." This court, in *Cole* v. *Ridings, supra,* quoted from *Clary* v. *Lindley,* 30 Cal.App.2d 571, 573 [86 P.2d 920], as follows:

" 'A disputable presumption is a substitute for proof of facts. It is a species of evidence that may be accepted and acted upon when there is no other evidence to uphold the contention for which it stands.' (*Noble* v. *Key System, Ltd.,* 10 Cal.App.2d 132, 137 [51 P.2d 887].) It may be controverted by evidence. (Code Civ. Proc., sec. 1961.) It is dispelled when evidence is produced by the party or his witnesses covering the subject of the presumption. (*Rogers* v. *Interstate Transit Co.,* 212 Cal. 36 [297 P. 884].) When there is a conflict in the evidence introduced by opposing

parties, there is no room for the presumption (*Kelly* v. *Fretz*, 19 Cal.App.2d 356 [65 P.2d 914]), for the simple reason that one side or the other would be forced to introduce evidence to controvert other evidence, plus a presumption. (*Paulsen* v. *McDuffie*, 4 Cal.2d 111 [47 P.2d 709]; *Mundy* v. *Marshall*, 8 Cal.2d 294 [65 P.2d 65].)"

A second vice of the instruction is that it is bound to produce doubt or confusion in the mind of a conscientious juror, when he considers it in the light of other instructions given. In the present case, for example, in explaining the meaning of "burden of proof" and "preponderance of the evidence," the jury was told that "should the conflicting evidence be evenly balanced in your mind, . . . then your finding must be against the party carrying the burden of proof." The juror is further advised that "A presumption is a deduction which the law expressly directs to be made from particular facts. Unless declared by law to be conclusive, it may be controverted by other evidence, direct or indirect; but *unless so controverted, the jury is bound to find in accordance with the presumption.*" Further, the juror is told to decide the case "solely upon the evidence that has been received by the court, and the inferences that you may reasonably draw therefrom, and *such presumptions* as the law deduces therefrom, . . .." Again, the juror is instructed: "You are not bound to decide in conformity with the testimony of a number of witnesses, which does not produce conviction in your mind, as against the declarations of a lesser number *or a presumption or other evidence, which appeals to your mind with more convincing force.*" (Emphasis added.)

Manifestly, the instruction given herein, viewed in the light of the factual situation present, could serve only to confuse the jury. While the meaning of "a preponderance of the evidence" is correctly set forth, the jury nevertheless was confronted with another instruction that there is a presumption of due care which continues throughout the trial and that if it satisfies the mind of the juror he may rely on the presumption. The question naturally rises in the minds of the jurors whether to resolve the issues on the basis of the evidence or on the basis of the presumption of due care.

Turning now to the evidence in the particular case, the testimony of the two individual defendants, Blumenfeld, and Peterson, the milk truck driver, was in sharp conflict. If the version of defendant Blumenfeld is to be accepted, then

the presence of his vehicle on the wrong side of the street was the result of an emergency occasioned by the negligence of the milkman in moving his vehicle from the left to the right side of the street without warning. If the story of Peterson is given credence, then Blumenfeld had ample space and time after the milk truck started moving in which to bring his vehicle under control so as to avoid a collision with the milk truck, and without swerving suddenly to within 5 feet of the westerly or left-hand curb.

It may be that the jury concluded that the accident occurred without negligence on the part of Blumenfeld. But it strains credulity, in view of their contradictory testimony, to conclude that both individual defendants were without fault. If the milkman's story is correct, then Blumenfeld could easily have waited to pass him after the truck had reached the right-hand curb and Blumenfeld could have kept his vehicle somewhere in the center of the 30-foot street. If Blumenfeld's story is correct, then the proximate cause of the accident was the violation of law by the milkman in parking on the wrong side of the street and creating an emergency by driving across the street without warning into the path of Blumenfeld, forcing the latter to swerve sharply to the left.  ■  "Where A has so operated his vehicle as to imperil the car or truck of B, and B, in attempting to avert the apprehended collision, has caused his vehicle to collide with the vehicle of C, the last named may hold A liable for the injury and damage sustained." (2 Cal.Jur. 10-Yr.Supp., "Automobiles," § 344, p. 532, citing *Merrill* v. *Finigan*, 133 Cal.App. 101 [24 P.2d 188].)

■  Appellant further urges, as noted at the outset, that undue emphasis was placed on the question of contributory negligence by the instructions given on the subject. While we cannot hold that undue emphasis was given in this regard, nevertheless, in determining whether a miscarriage of justice has resulted from the error in giving the instruction as to a presumption of due care,—that is, the possible adverse effect of the instruction and its influence upon the jury—it should be noted that the evidence of contributory negligence on the part of the injured child is far from convincing. The child rode his bicycle down a driveway into the street. After the impact both the body of the child and his bicycle were lying south of the driveway and about 5 feet from the curb. An inference that the child intended to turn to his right out of·

the driveway and did in fact do so would be well supported. A conclusion that not only the child, but a person of mature years, was not guilty of contributory negligence in failing to anticipate the sudden appearance of a motor vehicle approaching him on the wrong side of the street, would be fully justified. The child was where he had a right to be, and the presence of the Blumenfeld vehicle on the wrong side of the street called for an explanation (*Green* v. *Uarte,* 87 Cal. App.2d 75, 78 [196 P.2d 63], and cases cited). As heretofore noted, contradictory explanations were given.

It appears most likely that the verdict of the jury in this cause was based upon a finding that Blumenfeld and Peterson were free from negligence. The erroneous instruction may well have tipped the scales in their favor in the deliberations of the jury. ■ We cannot assume that the verdict was based upon evidence of contributory negligence, but in determining whether instructions given are correct, "we must assume that the jury might have believed the evidence upon which the instruction favorable to the losing party was predicated, and that if the correct instruction had been given upon that subject the jury might have rendered a verdict in favor of the losing party." (*Cole* v. *Ridings, supra,* p. 142, quoting *O'Meara* v. *Swortfiguer,* 191 Cal. 12, 15 [214 P. 975].) ■ In view of the physical evidence justifying an inference that the child had not attempted to cross the street but was where he had a right to be, and the contradictory testimony of the two individual defendants as to their relative positions and movements in the street in the moments preceding the accident, the conclusion is compelled that the error complained of operated to the prejudice of the substantial rights of the plaintiff child.

Respondents contend that the instruction challenged by appellants was properly given. The answer to their contention is that this court declines to depart from the views on the subject which have been heretofore expressed by the Supreme Court and this and other appellate tribunals of this state. ■ We find no merit in the contention that respondent Arden Farms Company, employer of the milk driver Peterson, was entitled to the benefit of the presumption. The liability of the employer is founded upon the conduct of its employee under the doctrine of *respondeat superior,* and no question of negligence of the employer is involved. Other arguments of respondents are directed to their claim that if there was

error it was not prejudicial, but what we have hereinbefore said negatives any such assumption.

The judgment is reversed, and the cause remanded for a new trial.

Doran, J., and Drapeau, J., concurred.

A petition for a rehearing was denied May 4, 1953, and respondents' petition for a hearing by the Supreme Court was denied June 11, 1953.