[Civ. No. 19909.   Second Dist., Div. Two.   July 7, 1954.]

RENE J. VERHAEGEN, Respondent, v. GUY F. ATKIN-SON COMPANY (a Corporation), Appellant.

Moss, Lyon & Dunn, Gerold C. Dunn and Henry F. Walker for Appellant.

Kenneth J. Murphy and Henry E. Kappler for Respondent.

FOX, J.—This is an action for damages for personal injuries sustained by plaintiff while performing his duties as a city inspector on a public works project. Defendant contractor appeals from an adverse judgment.

The structure being built was the Anaheim Street Bridge in Long Beach, which spans the channel of the Los Angeles County Flood Control District, which at that point is the Los Angeles River. The channel has two levees or embankments to contain the water therein. There was a temporary construction road, some 15 feet wide, running east and west. It was just north of a row of concrete piers which were to support the bridge. This road led over the levee on the west. The approach to the levee was about a 20 per cent grade. The southerly side of the road sloped down to a low point in the vicinity of the base of the piers. This dirt road was full of holes and depressions.

At the time of the accident defendant's employees were moving two sheet pilings, 40 feet in length and weighing between 3,000 and 3,500 pounds, by means of a large crane mounted on a truck. The boom of the crane was 60 feet long and extended to the rear. Suspended from the end of the boom were two strands of wire leading to a hook. The sheet pilings were tied with slings about 20 feet apart and then attached to the hook, something like an inverted "Y" according to the man who prepared the load. There is, however, testimony indicating that only one wire was used to tie the load. After the load was hooked on, the operator of the truck drove west on the construction road and up the grade of the levee very slowly—at somewhere from 1 to 5 miles per hour. Due to the roughness of the road, the boom moved up and down as the truck chugged along. The road was wet and somewhat muddy from a rain of the night before thus causing the wheels to slide and the load to swing sideways. It was variously estimated that the load was suspended from 3 to 4 feet to as much as 8 to 10 feet above the road.

In going about his inspection duties, plaintiff testified he approached the construction area parallel to and approximately 75 feet south of the center of the temporary road. It was while he was in this locality, according to plaintiff, that the

444

crane lost its load and he was hit. He was aware of the crane-vehicle as one of the pieces of equipment being used in the area but was not "paying particular attention to it." He testified fully as to his acts immediately preceding and at the time of the accident. Witnesses for defendant, however, testified that plaintiff was on the edge of the construction road, looked in the direction of the load, ran underneath it, and as he did so the piling came down and hit him. Based on this testimony, defendant asserts plaintiff was guilty of contributory negligence.

Defendant seeks a reversal upon the ground that the court prejudicially instructed the jury. Its position must be sustained.

The court gave the following instruction on the presumption of due care: "At the outset of this trial, each party was entitled to the presumptions of law that every person takes ordinary care of his own concerns and that he obeys the law. These presumptions are a form of *prima facie* evidence and will support findings in accordance therewith, in the absence of evidence to the contrary. When there is other evidence that conflicts with such a presumption, it is the jury's duty to weigh that evidence against the presumption *and* any evidence that may support the presumption, to determine which, if either, preponderates. Such deliberations, of course, shall be related to, and in accordance with, my instructions on the burden of proof." (Italics added.)

Plaintiff concedes that "[n]either side was entitled to the benefit of this presumption of law." He says, however, that defendant received just as much benefit from the instruction as did the plaintiff. Consequently, he concludes, defendant suffered no prejudice from this erroneous advice to the jury.

■ Whether the error in giving the instruction is prejudicial depends on the facts of the particular case (*Ford* v. *Chesley Transportation Co.*, 101 Cal.App.2d 548, 552 [225 P.2d 997]; *Cole* v. *Ridings,* 95 Cal.App.2d 136, 140 [212 P.2d 597]). It is therefore necessary to analyze the quoted instruction, and relate it to the evidence and certain other instructions that were given.

This instruction was given verbatim in *Rozzen* v. *Blumenfeld,* 117 Cal.App.2d 285 [255 P.2d 850] [hearing denied] and was held to be prejudicial. It was there pointed out (p. 288) that in determining whether prejudice resulted in a particular case, the vice of the instruction must be

kept in mind, viz., that "The party against whom the presumption is invoked must not only overcome by a preponderance of the evidence the case presented by the opposing party, but must also overcome the presumption, for in the language of the instruction, conflicting evidence must be weighed 'against the presumption, *and* any evidence that supports the presumption, to determine which, if either, preponderates.'" (Italics added.) ■ Since plaintiff testified fully as to his acts and conduct immediately prior to and at the time of the accident there was no room for the presumption of due care (*Mundy* v. *Marshall,* 8 Cal.2d 294, 296 [65 P.2d 65]). The effect, however, of the instruction was to add strength to plaintiff's claim that he was free from negligence. The considerations pointing to negligence would have ·to overcome not only those pointing to a contrary conclusion, but also the presumption that plaintiff was not negligent. (*Ford* v. *Chesley Transportation Co., supra,* which dealt with this identical instruction.) It is thus clear that plaintiff received substantial benefit from this portion of the court's charge.

■ The situation, however, is quite different as to the defendant. The court instructed on the doctrine of *res ipsa loquitur** (the propriety of which defendant challenges). In that instruction the jury was told that "From the happening of the accident involved in this case, as established by the evidence, there arises an inference that the proximate cause of the occurrence was some negligent conduct on the part of the defendant" and that it was incumbent on defendant to rebut that inference by showing due care or lack of proximate cause. The net result of these instructions was to tell the jury that an inference of negligence and proximate cause arose from the happening of the accident and that defendant was required to meet this with proof. The presumption of due care was thus effectively neutralized or attenuated as to defendant. On the other hand, no instruction affected in the slightest its continued application and potency in

---

*That instruction was as follows: "From the happening of the accident involved in this case, as established by the evidence, there arises an inference that the proximate cause of the occurrence was some negligent conduct on the part of the defendant. That inference is a form of evidence, and if there is none other tending to overthrow it, or if the inference preponderates over contrary evidence, it warrants a verdict for the plaintiff. Therefore, you should weigh any evidence tending to overcome that inference, bearing in mind that it is incumbent upon the defendant to rebut the inference by showing that he (i̶t̶) did, in fact, exercise ordinary care and diligence or that the accident occurred without being proximately caused by any failure of duty on his (i̶t̶s̶) part."

favor of plaintiff. Where, as here, contributory negligence of plaintiff would have defeated his claim for damages the advantage flowing to the plaintiff from giving these instructions clearly operated to defendant's serious prejudice. (*Rozzen* v. *Blumenfeld, supra*; *Cole* v. *Ridings, supra*; *Wertheim* v. *Mears,* 104 Cal.App.2d 120, 123 [231 P.2d 89]; *Tice* v. *Kaiser Co.,* 102 Cal.App.2d 44, 51-52 [226 P.2d 624]. See *Paulsen* v. *McDuffie,* 4 Cal.2d 111, 119 [47 P.2d 709]; 4 Hastings L.J. (1953) 124.)

In further analyzing this specific instruction on the presumption of due care the court, in the Rozzen case, *supra,* pointed out (p. 289) that "A second vice of the instruction is that it is bound to produce doubt or confusion in the mind of a conscientious juror, when he considers it in the light of other instructions given. In the present case, for example, in explaining the meaning of 'burden of proof' and 'preponderance of the evidence,' the jury was told that 'should the conflicting evidence be evenly balanced in your mind, . . . then your finding must be against the party carrying the burden of proof.' The juror is further advised that 'A presumption is a deduction which the law expressly directs to be made from particular facts. Unless declared by law to be conclusive, it may be controverted by other evidence, direct or indirect; but *unless so controverted, the jury is bound to find in accordance with the presumption.*' Further, the juror is told to decide the case 'solely upon the evidence that has been received by the court, and the inferences that you may reasonably draw therefrom, and *such presumptions as the law deduces therefrom,* . . .' Again, the juror is instructed: 'You are not bound to decide in conformity with the testimony of a number of witnesses, which does not produce conviction in your mind, as against the declarations of a lesser number *or a presumption or other evidence, which appeals to your mind with more convincing force.*'" (Emphasis added by the court.) The precise language of the various instructions, noted by the court in the above quotation, likewise appears in the instructions given by the trial court in this case. "Manifestly," said the court, "the instruction given here . . . could serve only to confuse the jury. While the meaning of 'a preponderance of the evidence' is correctly set forth, the jury nevertheless was confronted with another instruction that there is a presumption of due care which continues throughout the trial and that if it satisfies the mind of the juror he may rely on the presumption. The

question naturally rises in the minds of the jurors whether to resolve the issues on the basis of the evidence or on the basis of the presumption of due care.'' Obviously, the additional direction to infer negligence and proximate cause from the happening of the accident could not be calculated to lessen the jury's confusion.

Plaintiff relies on *Speck* v. *Sarver*, 20 Cal.2d 585 [128 P.2d 16], and *Beck* v. *Sirota*, 42 Cal.App.2d 551 [109 P.2d 419]. The instruction on the presumption of due care in those cases was substantially different from that given in this case. The jury was not advised in either of them that the party against whom the presumption of due care was invoked was required to overcome both the presumption and the evidence in support thereof.

In view of our conclusions it becomes unnecessary to consider other questions that defendant has raised.

The judgment is reversed.

Moore, P. J., and McComb, J., concurred.