[Civ. No. 16529.   First Dist., Div. Two.   Apr. 5, 1956.]

GERTRUDE ZOLLARS, Plaintiff and Appellant, v. JAMES T. BARBER, Defendant and Appellant.

W. L. A. Calder and Abraham Glicksberg for Plaintiff and Appellant.

Alexander, Bacon & Mundhenk, Jack M. O'Brien and Ewart Lytton Merica for Defendant and Appellant.

NOURSE, P. J.—In this negligence action the verdict was for defendant and judgment was entered thereon. On plaintiff's motion a new trial was granted. Defendant appeals from the order granting the new trial and plaintiff cross-appeals from the judgment. We have concluded that the order granting a new trial must be affirmed. The appeal from the judgment will then be dismissed as having become moot. (*Brignoli* v. *Seaboard Transp. Co.*, 29 Cal.2d 782, 792 [178 P.2d 445].)

In the evening of January 17, 1953, plaintiff was injured at the intersection of Princess Street and Bridgeway Boulevard in Sausalito when she was crossing Princess Street in a southerly direction in the marked pedestrian crosswalk at the west side of the intersection. The testimony of the parties regarding the manner in which the accident happened was to the following general effect. Defendant: When he reached the intersection in his car coming from the south and intending to make a left turn into Princess Street, another car stopped in the west side of the intersection, headed east on Princess Street, with its rear part in the western crosswalk, waiting to make a left turn north into Bridgeway Boulevard. Defendant passed slowly (driving at most 10 miles

an hour) in front of that car. Only after he had completed his turn did he see plaintiff near the rear of the stopped car. She was falling backward toward his car with one foot in the air and the other flying out from under her. On seeing her so he stopped his car in 7 or 8 feet. He thought he had hit her. When he got out of his car she was rising up from a kneeling position 5 or 6 feet from his car. She was conscious all the time. He led her to his car. In going there she said relating to the brass traffic button in the crosswalk: "I fell over that." He did not think anything of it at the time. He asked her where his car had hit her, but she did not answer. He also told a police officer that he had struck her but when he examined his car with him they did not find any denting or disturbance of mud or water on fender or bumper. At the police station he gave an oral statement in which he said that suddenly he was aware that he had struck something and that he believed that plaintiff was struck with the rear part of his left front fender. He was asked by a police officer at the station to make a written report and did so in his own hand. (The report was marked for identification but objections to its introduction were repeatedly sustained.) To explain the inconsistency between his statements on the evening of the accident and his testimony at the trial which pointed to plaintiff's fall not having been caused by contact with his car but by tripping over a traffic button, defendant, over objection, was permitted to testify to certain observations and experiments he made the morning after the accident, which tended to show that he could not have seen plaintiff in the manner in which he first saw her from his car if she then had been near enough to have been struck by it.

Plaintiff testified that she observed the traffic in the different directions before starting to cross along the center of the pedestrian crosswalk and that she made a further observation when she was walking across. She did not see a car coming down Princess Street and coming to a stop in the intersection. She saw no headlights as though from a car making a left turn from the south into Princess Street. She does not know what happened from then until she heard defendant say: "My God, I hit you" and until he took hold of her. She was unconscious. She does not remember any contact between her and a car. She remembers vaguely that her head was struck (contacting the pavement). Some seemingly conflicting testimony relates clearly to what she later heard, not to what she remembered. She did not say "I fell over

that'' (relating to the traffic button). The records of the hospital to which plaintiff was brought from the police station were received in evidence. The ''history sheet'' of said records states among other things: ''She did not get unconsciousness. She recall every detail of the accident.''

The order granting a new trial does not specify the grounds on which it is made. The motion mentioned among other grounds: ''Errors in law occurring at the trial and excepted to by plaintiff'' and respondent defends the order solely on that ground. ▮ The parties correctly agree that the following instruction given by the court is erroneous insofar as applicable to defendant:

''The law presumes that each of the parties, in their conduct at the time of and immediately preceding the accident here in question, was exercising ordinary care and was obeying the law. These presumptions are a form of prima facie evidence and will support findings in accordance therewith, in the absence of the evidence to the contrary.''

''Repeatedly it has been held that the giving of . . . an instruction of similar tenor, is error when thereby the benefit of the presumption of due care is extended to a party who by his testimony or by evidence introduced in his behalf has disclosed his acts and conduct immediately preceding and at the time of the accident. (Citations.)'' (*Rozzen* v. *Blumenfeld,* 117 Cal.App.2d 285, 287 [255 P.2d 850]; *Jones* v. *Scurlock,* 96 Cal.App.2d 201 [214 P.2d 599].) There were here no special circumstances preventing appellant from fully testifying to all circumstances of the accident and he fully testified to them.

Appellant contends that the error in giving said instruction cannot justify the granting of the new trial because the error was allegedly induced by instructions proposed by respondent and because the instruction was not prejudicial as neither party was unduly favored because allegedly neither was entitled to the instruction, plaintiff also having testified as to her action and care before and during the accident. We do not agree.

Respondent's proposed instruction was limited to herself only and she complains of the extension of the instruction to include both parties. This extension was in no way induced by her. ▮ But even if the error had been so induced such would not have restricted the power of the trial court to grant a new trial on plaintiff's motion because of it. ▮ ''If error appears in the record, the power of the trial court is not

limited by the conduct of the parties in inviting such error."
(*Roberson* v. *J. C. Penney Co.*, 136 Cal.App.2d 1, 5 [288 P.2d 275] quoting from *Springer* v. *Sodestrom*, 54 Cal.App. 2d 704, 707 [129 P.2d 499]; *Conroy* v. *Perez*, 64 Cal.App.2d 217, 226 [148 P.2d 680].)

█ Respondent's testimony was not so unhampered by special circumstnces as that of appellant. Although she fully testified as to what she did and the care she took prior to the accident, she testified that she suddenly became unconscious and did not know from her own observation how the accident happened. She could therefore not expressly controvert appellant's evidence intimating that she stumbled over a traffic button. No other witness produced by her testified to the manner in which the accident happened. If she actually was unconscious and therefore could not testify as to what happened during certain period in which she could have been negligent (e.g., in not seeing the traffic button) she was for that period entitled to the presumption of due care. As there was a conflict in the evidence as to her unconsciousness the instruction on the presumption of due care should have been conditioned on the jury's believing that she was unconscious. Although in that respect the instruction may have been somewhat too favorable to plaintiff it cannot be said as a matter of law that the two distinct errors must have cancelled each other out in their effect on the jury.

█ Whether the error in giving the instruction on the presumption of due care is prejudicial depends on the facts of the case (*Rozzen* v. *Blumenfeld, supra*, 117 Cal.App.2d 285, 287). █ On appeal from an order granting a new trial the question of the prejudicial character of an error in instruction is one for the trial court except for a manifest abuse of discretion (*Brignoli* v. *Seaboard Transp. Co., supra*, 29 Cal.2d 782, 792); "the appellate court must indulge the presumption that the trial judge performed his duty, considered the whole record in the case and decided that the giving of the instruction was prejudicial and resulted in a miscarriage of justice." (*Jones* v. *Scurlock, supra*, 96 Cal. App.2d at p. 203.) Both the Rozzen and the Jones cases, *supra*, affirmed the granting of a new trial on the ground of prejudicial error in giving the instruction on the presumption of due care. See also *Ford* v. *Chesley Transp. Co.*, 101 Cal. App.2d 548, 552 [225 P.2d 997]; *Cole* v. *Ridings*, 95 Cal. App.2d 136, 140 [212 P.2d 597]. For the same reasons as given in these cases the order in this case must be affirmed.

· As the above is conclusive of the decision of the case the other errors alleged by defendant as justifying the granting of a new trial need only cursory treatment, mainly for the purpose of guidance in the new trial ordered.

The instruction on the duties of one crossing a highway which placed upon respondent not only the continuing duty of ordinary care to avoid an accident but moreover the continuing duty to look out for approaching vehicles, is also erroneous and ·can assist in supporting the order granting a new trial. ▮ It was for the jury to say whether for plaintiff, crossing in a marked pedestrian crosswalk, ordinary care required a continuing outlook for approaching vehicles as to which she had the right of way. (*Francis* v. *City & County of San Francicso*, 44 Cal.2d 335, 339 [282 P.2d 496] and cases there cited.)

▮ The rulings which kept appellant's written report to the police from the jury were correct. The court could correctly consider said report as one required under section 484 of the Vehicle Code, expressly excluded as evidence by section 488 of said code. At the time appellant made the report on the demand of the police he considered himself as having been involved in an accident resulting in injuries to respondent and the fact that he thereafter testified differently does not nullify the prohibition of section 488, *supra*. ▮ The fact that there was no showing that the report was made on forms prescribed therefor, does not have the effect of excluding it from the protection of section 488, *supra*, as the Vehicle Act does not any longer require the report to be made on approved forms as was the case under section 142 of the Vehicle Code involved in *Dwelly* v. *McReynolds*, 6 Cal.2d 128 [56 P.2d 1232], on which case respondent relies.

▮ Neither do we find error in the admission over objection of certain testimony of defendant as to observations and experiments made by him the day after the accident. Respondent's contention that such ex parte investigations constitute hearsay is erroneous. (*Cf.* Vol. V, Wigmore on Evidence, § 1385.) The witness who made the observations and experiments was available for cross-examination. As to experimental evidence in general and the trial court's wide discretion in admitting it see 18 Cal.Jur.2d Evidence, section 205.

▮ We see no reason why the trial court may not permit testimony as to such experiments or investigations in explanation of conflicting statements of a witness if the state-

ments are of sufficient importance for the case. ▮ The relevancy or remoteness of evidence offered is mainly within the discretion of the trial court. (*Estate of Ades,* 81 Cal. App.2d 334, 342 [184 P.2d 1].) ▮ It is within the discretion of the court to permit inquiry into a collateral fact, when such fact is directly connected with the question in dispute, and is essential to its proper determination, or when it affects the credibility of a witness (Code Civ. Proc., § 1868). Certainly when we consider the essential importance of the statements involved we find no abuse of said discretion.

No instruction on contributory negligence should evidently be given if the evidence cannot possibly support a finding of contributory negligence. As the evidence on the new trial need not be the same as that on the present one a decision of this point on the basis of the present evidence would serve no useful purpose.

▮ The giving of an instruction on inevitable accident is not reversible error when the question whether the injury was proximately caused by the negligence of the defendant is for the jury to decide, even when violation of statute is involved (*Smith* v. *City & County of San Francisco,* 117 Cal. App.2d 749, 751 [256 P.2d 999]). It is only error when the evidence is such that no other inference than that of negligence of one or more of the parties causing the injury can reasonably be made. Such was not the case here.

The order granting a new trial is affirmed; plaintiff's appeal from the judgment is dismissed.

Dooling, J., and Kaufman, J., concurred.

The petition of plaintiff and appellant for a hearing by the Supreme Court was denied May 29, 1956.