[Crim. No. 3934. Fourth Dist., Div. One. Aug. 24, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
RALPH DIAMOND, Defendant and Appellant.

**COUNSEL**

Charles R. Khoury, Jr., and Peter Clarke, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Pierpont M. Laidley and Geoffrey Cantrell, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**COUGHLIN, J.**—Defendant appeals his convictions of the offenses of selling the dangerous drug "LSD" on two occasions, i.e., violations of Health and Safety Code section 11912.

On the first occasion, the subject of the sale, described by defendant as "heavy acid," consisted of 19 blue tablets, and on the second occasion consisted of 100 blue tablets. A chemist who analyzed two tablets from the first sale and three tablets from the second sale, determined each tablet contained 200 micrograms of LSD.

Defendant contends under the decision in *People* v. *Leal*, 64 Cal.2d 504 [50 Cal.Rptr. 777, 413 P.2d 665], a conviction of the offense of selling a dangerous drug is not supported by the evidence unless it is shown the quantity of the drug sold was "usable"; proof the quantity sold was a usable quantity must show it was sufficient "to provide a narcotic effect"; and the evidence in the case at bench does not support such a showing.

The court in *Leal* considered the question whether possession of a minute crystalline residue of a narcotic constituted the offense of possession of a narcotic; analyzed prior decisions on the subject, including *People* v. *Sullivan*, 234 Cal.App.2d 562 [44 Cal.Rptr. 524]; and concluded its opinion with the following determinative language: "Hence, the possession of a minute crystalline residue of narcotic useless for *either* sale *or* consumption, as *Sullivan* points out, does not constitute sufficient evidence in itself to sustain a conviction. Since in the present case the prosecution proved no more than defendant's possession of traces of narcotics and did not show that such residue was usable for sale *or* consumption, we remit it to the trial court for the purpose of ascertaining whether or not such factual elements were present." (*People* v. *Leal, supra,* 64 Cal.2d 504, 512.) (Italics ours.)

The rule in *Leal,* assuming it applies to dangerous drugs as well as narcotics, perforce its statement, does not apply to an intentional sale.[1] ▪ Proof of the intentional sale of a dangerous drug is proof the quantity sold was "usable for sale." ▪ Contrary to defendant's contention, to support a conviction of selling a dangerous drug it is not necessary to prove the quantity of the drugs sold, when consumed, would have the effect it ordinarily is expected to produce, which defendant refers to as a "narcotic effect."

▪ In his reply brief defendant raises an additional contention, claiming the trial court erred in sustaining an objection to an offer of evidence tending to prove the informer in the case at bench previously entrapped a defendant in another case. The latter defendant was called as a witness. The offer of proof did not include a statement of the evidence showing specific acts or conduct of the agent in the former case from which the court might determine whether it was similar to any alleged conduct of the agent in the case at bench, or whether it might tend to prove entrapment. However, assuming the offer was sufficiently specific, which is doubtful (see *Byrd* v. *Savage,* 219 Cal.App.2d 396, 401-402 [32 Cal.Rptr. 881]), and the offered evidence was material, which also is doubtful (*Bone* v. *Hayes,* 154 Cal. 759, 767 [99 P. 172]; *Overman* v. *Bright,* 166 Cal.App.2d 515, 516 [333 P.2d 247]), the objection to the evidence properly was sustained upon the ground of irrelevancy. ▪ Whether offered evidence is relevant is an issue the determination of which involves an exercise of judicial discretion by the trial court, and its conclusion in the premises will be sustained on appeal unless an abuse of discretion is shown. (*Decter* v. *Stevenson Properties, Inc.,* 39 Cal.2d 407, 420 [247 P.2d 11].) ▪ In the case at bench the offered evidence was remote in nature; involved the investigation and determination of collateral issues; and was of comparatively inconsequential weight. These factors authorized rejection of the offer. (*Fries* v. *Anderson, Clayton & Co.,* 190 Cal.App.2d 667, 682 [12 Cal.Rptr. 336]; *Dankert* v. *Lamb Finance Co.,* 146 Cal.App.2d 499, 503 [304 P.2d 199]; *Zollars* v. *Barber,* 140 Cal.App.2d 502, 509 [295 P.2d 561]; gen. see *City*

---

[1] Under the rationale applied in *People* v. *Leal, supra,* 64 Cal.2d 504, a sale of an object to which the residue of a dangerous drug is attached, there being no intention to sell the drug as such, would not constitute the offense of selling a dangerous drug. Supporting this position is the holding in *People* v. *Sullivan, supra,* 234 Cal.App.2d 562, 565, *quoted* in *Leal,* where the court said: "We conclude that possession of a minute crystalline residue of narcotic *not intended for consumption or sale* and useless for either of these purposes is insufficient evidence to sustain a conviction for known possession of a narcotic." (Italics ours.)

*of Santa Cruz* v. *Wood,* 252 Cal.App.2d 52, 54, 57 [60 Cal.Rptr. 26].) No abuse of discretion appears.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 22, 1970.